O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALLAN GRAY,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | Case No. LA CV 13-9020 JCG<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

## I.

## BACKGROUND

On December 12, 2013, plaintiff James Allan Gray ("Plaintiff") filed a Complaint, seeking review of the denial by the Commissioner of the Social Security Administration of his applications for social security disability benefits. Pursuant to the Court's April 21, 2015 Order, Plaintiff was directed to submit a joint report to the Court regarding the status of this action. [Dkt. No. 18.]

On June 5, 2015, Defendant filed a status report, which Plaintiff did not join. [Dkt. No. 19.] Defendant stated that she had attempted to contact Plaintiff by

telephone, without success, on May 28, June 1, and June 5, 2015, and had sent Plaintiff a letter by overnight mail on June 1, 2015. [*Id.*] Plaintiff failed to respond. [*Id.*]

On June 15, 2015, the Court issued an Order to Show Cause ("OSC"), directing Plaintiff to show cause, no later than June 29, 2015, why he had failed to participate in the submission of a joint report to the Court. (OSC at 1.) Plaintiff was warned that his "**failure to timely respond to this Order may result in the dismissal of this action for failure to prosecute and/or failure to comply with court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**." (*Id.* at 2 (emphasis in original).)

As of the date of this Order, Plaintiff has not filed any response to the OSC.

## II.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may *sua sponte* dismiss an action for failure to prosecute or comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik*, 963 F.2d at 1260 (internal quotation marks, brackets, and ellipsis omitted).

In determining whether to dismiss a case under Rule 41(b), a court must weigh five factors:

    (1) the public's interest in expeditious resolution of litigation;
    (2) the court's need to manage its docket;
    (3) the risk of prejudice to the defendants;
    (4) the public policy favoring disposition of cases on their merits; and
    (5) the availability of less drastic alternatives.

*Id.* at 1260-61. The Court addresses each in turn.

//

In this case, both the first factor (the public's interest in expeditious resolution of litigation) and the second factor (the court's need to manage its docket) strongly favor dismissal. Here, Plaintiff has failed to respond to Defendant's and his former counsel's attempts to contact him. Plaintiff has also repeatedly failed to respond to the orders of this Court.

In short, Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [Plaintiff] to control the pace of the docket rather than the Court." *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting, with approval, district court's order dismissing action). Plaintiff's inaction frustrates the public's interest in the expeditious resolution of litigation, as well as the Court's need to manage its own docket. *See Ferdik*, 963 F.2d at 1260-61.

The third factor (the risk of prejudice to the defendant) also favors dismissal. Although the mere pendency of a lawsuit is not prejudicial in and of itself, a failure to provide a reasonable excuse for defaulting on a court order can indicate sufficient prejudice to warrant dismissal. *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants . . . ."). Here, Plaintiff has provided no explanation – much less a reasonable one – for his failure to submit a joint report or a response to the OSC. *See id.*; *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").

The fourth factor (the public policy favoring disposition of cases on their merits) weighs against dismissal, as it inevitably will when an action is dismissed without reaching the merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

Finally, the Court finds that the fifth factor (the availability of less drastic alternatives) supports dismissal. As a rule, a district court's warning that a party's "failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). Here, after Plaintiff failed to submit a joint report,

the Court expressly warned Plaintiff that his failure to respond to the OSC could result in the dismissal of this action. (OSC at 2.) Still, Plaintiff failed to respond. Thus, "[g]iven Plaintiff's demonstrated unwillingness to participate in [his] own litigation, sanctions other than dismissal do not appear to be appropriate at this time." *Perdomo v. Colvin*, 2014 WL 4060013, at *2 (C.D. Cal. Aug. 14, 2014).

In sum, four out of five factors support dismissal, making it appropriate at this juncture. *See Yourish*, 191 F.3d at 990 (dismissal appropriate where "at least four factors support dismissal, or where at least three factors strongly support dismissal") (internal quotation marks and ellipsis omitted).

### III.

### ORDER

For the foregoing reasons, IT IS ORDERED THAT the above-captioned action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with the Court's Orders.

DATED: July 7, 2015

HON. JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE